**SO ORDERED.**

**SIGNED this 18 day of June, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

SEAHAWK PROPERTIES, LLC                    CASE NO. 09-03869-8-JRL

Debtor.                                    Chapter 11

_____

ORDER

This matter is before the court on the motion to dismiss and motion for relief from stay by NewBridge Bank ("NewBridge"). A hearing was conducted on this matter on June 16, 2009 in Wilmington, North Carolina.

The debtor is in the business of owning and leasing real estate. Among the properties owned by the debtor are a 112-unit storage business and a business condominium. All of the debtor's property is located in Wilmington, North Carolina. Mr. Archie Raynor is the debtor's sole member and manager. On May 11, 2009, the debtor filed for relief under Chapter 11 of the Bankruptcy Code.

NewBridge is the holder of a note in the original principal amount of $400,000.00 and deed of trust securing property at 413-6 S. College Road (the "Storage Unit Property"). On the date of petition, the amount owed on the note was $422,522.62. In addition, NewBridge holds a

note in the original principal amount of $185,000.00 and deed of trust securing property at 2016 Farley Drive (the "Condominium Property"). On the date of petition, the payoff on this note was approximately $205,622.01.

The debtor filed a previous petition for Chapter 11 relief on November 10, 2008. In its prior case, the debtor entered into a consent order with NewBridge pursuant to which the debtor was required to make adequate protection payments to NewBridge. The debtor defaulted under the terms of the consent order and the automatic stay was lifted. On April 6, 2009, and pursuant to the debtor's own motion, the court entered an order dismissing the debtor's prior case.

NewBridge contends that the debtor's case should be dismissed pursuant to § 1112 of the Bankruptcy Code. Section 1112 provides that the court may dismiss a case for cause. 11 U.S.C. § 1112(b)(1). A court may find cause for dismissal if there is a lack of good faith. In re Adler, 329 B.R. 406, 410 (Bankr. S.D.N.Y. 2005). At hearing, NewBridge established that relief from stay was granted in the previous case after the debtor failed to make adequate protection payments. In addition, NewBridge established that the court granted the debtor's motion to dismiss the previous case after the debtor asserted that it could obtain refinancing. When NewBridge commenced a foreclosure action on its collateral, however, the debtor filed a second petition which effectively stayed the foreclosure proceeding. NewBridge alleges that the filing of this case constitutes bad faith and requests that the case be dismissed.

In addition, NewBridge contends that cause exists to lift the automatic stay pursuant to § 362(d) of the Bankruptcy Code. Section 362(d) provides that the court may lift the automatic stay --

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

>> (2) with respect to a stay of an act against property under subsection (a) of this section, if
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary for an effective reorganization . . . .

11 U.S.C. § 362(d). At hearing, NewBridge alleged that the fair market value of the Storage Unit Property was less than the amount owed under the note. As a result, NewBridge contends that the debtor lacks equity in the property at issue and the property is not necessary for an effective reorganization.

In response, Mr. Raynor testified at hearing on behalf of the debtor. Mr. Raynor established that the debtor's monthly obligations to NewBridge were approximately $2,850.00 per month with respect to the Storage Unit Property and approximately $1,300.00 per month with respect to the Condominium Property. Mr. Raynor established that approximately 60 of the 112 units were rented and admitted that the Storage Unit Property was earning less money from rental receipts than the amount of monthly payments owed to NewBridge. However, Mr. Raynor established that he would place a minimum of $25,000.00 in an escrow account with NewBridge upon which NewBridge could draw funds as the debtor's monthly obligations become due. In addition, Mr. Raynor established at hearing that he had based his decision to dismiss the prior case on his understanding that a refinancing agreement was imminent. Mr. Raynor further established that he was ultimately unable to reach a refinancing agreement with any prospective lenders. As a result, the debtor contends that the present case was filed in good faith.

The court finds that Mr. Raynor reasonably believed that the debtor would obtain refinancing shortly after agreeing to voluntarily dismiss the prior case. Therefore, the court finds that the present case was not filed in bad faith and should not be dismissed. In addition, the court does not find cause to lift the automatic stay. The debtor has agreed to provide adequate

protection to NewBridge in the form of a deposit of approximately $25,000.00 into an escrow account with NewBridge and upon which NewBridge may draw funds as they become due. Finally, the court finds that the Storage Unit Property is necessary for an effective reorganization.

     Based on the foregoing, the motion to dismiss is DENIED.  The motion for relief from stay is DENIED, contingent on the debtor placing a minimum of $25,000.00 in an escrow account with NewBridge Bank.  Beginning in July 2009, NewBridge Bank is authorized to draw upon this amount in satisfaction of the monthly obligations of the debtor as they become due.

END OF DOCUMENT